UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX S. GUNTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00929-SRC |
| ) | |
| CONNIE KOPP, ) | |
| ) | |
| Defendant. ) | |

**Memorandum and Order**

For roughly eight months, Rex Gunther attempted to serve Connie Kopp with a complaint and summons.  His latest attempt—having a process server send certified mail to Kopp—doesn't suffice to satisfy Federal Rule of Civil Procedure 4's service requirements.  Gunther therefore conducted insufficient service and failed to comply with the Court's order to serve Kopp by a date certain.  Accordingly, the Court dismisses this case without prejudice.

**I.      Background**

On July 5, 2024, the Court received a letter from Gunther, a civil detainee housed at a mental-health center, regarding Kopp.  Doc. 1.  "[T]he Court construe[d] the letter as a civil rights complaint brought under 42 U.S.C. § 1983," and "order[ed] Gunther to file, no later than August 11, 2024, an amended complaint on a Court-provided form."  Doc. 2 at 1 (The Court cites to page numbers as assigned by CM/ECF.).  Further, because Gunther did not seek to proceed *in forma pauperis*, the Court ordered him "to pay, no later than August 11, . . . th[e] [$405] filing fee."  *Id.*  Gunther timely filed an amended complaint, doc. 4, but sought and received an extension of time to pay the filing fee, docs. 3, 6.

After receiving Gunther's filing fee, the Court, on October 9, 2024, ordered Gunther to effect service.  Doc. 15 at 2.  Specifically, the Court ordered Gunther to effectuate service under

Rule 4 and informed Gunther that he may serve Kopp with summonses or a waiver-of-service form. *Id.* at 1–2. The Court set service-related deadlines and ordered Gunther to file certain documents. *Id.* Finally, the Court warned Gunther that if he failed to comply with the order "and if he [did] not demonstrate good cause for his failure, the Court [would] dismiss Gunther's claims without prejudice." *Id.* at 2.

Gunther failed to comply with the Court's October 9, 2024 order, so the Court issued a show-cause order regarding his failure to prosecute. Doc. 17. After Gunther responded, the Court discharged its order and granted Gunther an extension of time to complete service. Doc. 21 at 1. This time, however, the Court ordered that Gunther had to serve Kopp by summons. *Id.* Specifically, the Court ordered that Gunther must have a "private process server serve, no later than April 2, 2025, the summons and a file-stamped complaint upon Kopp," and that "Gunther must file, no later than April 23, 2025, a return of service." *Id.* at 1–2. Finally, the Court warned that "[i]f Gunther fail[ed] to comply with any of these deadlines, the Court [would] dismiss this case without prejudice and without further notice." *Id.* at 2.

In April 2025, Gunther moved for another extension of time, this time claiming that the Clerk of Court didn't mail him the forms he needed to complete service. *See* docs. 27–28. "Upon review of the record, the Court," on April 24, 2025, found "that the docket reflect[ed] that the Clerk of Court mailed Gunther all necessary forms (including a summons) and all the Court's orders. Even so, the Court grant[ed] Gunther's . . . motions for an extension of time." Doc. 29 at 1. But, recognizing that six months had already passed since the Court first ordered Gunther to effectuate service, the Court gave Gunther one final extension and one final warning:

> [T]he Court orders that Gunther must have his private process server serve, no later than May 19, 2025, the summons and a file-stamped complaint upon Kopp. After the private process server does so, Gunther must file, no later than June 9, 2025, a return of service. If Gunther fails to comply with either of these deadlines, the

2

>Court will dismiss this case without prejudice and without further notice.  Further, the Court does not anticipate granting any further extensions of time for service of process.

*Id.*

On June 27, 2025, the Court received a proof-of-service form from Gunther. Doc. 39.  The form, signed by Eric Kroner (Gunther's son, doc. 20 at 1) and dated June 18, 2025, had handwritten remarks stating:  "I had process server give, Connie Kopp, by certified signed mail the litigation and a completed summons form," doc. 39 at 1.  The remarks continued:  "All legal papers sent to Connie Kopp by certified signed receipt showing that Connie Kopp [r]eceived [a]ll necessary forms sent by process server, Eric Kroner." *Id.*

## II.     Discussion

As noted above, the Court's April 2025 order required Gunther to have a private process server serve Kopp no later than May 19, 2025.  Doc. 29 at 1.  Upon review of the proof-of-service form that Gunther filed, doc. 39, the Court finds that Gunther did not properly serve Kopp under Rule 4 and in compliance with the Court's order.

Under Rule 4, an individual must be served in a certain way:

>(e) Serving an Individual Within a Judicial District of the United States.  Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>>(2) doing any of the following:
>>
>>>(A) delivering a copy of the summons and of the complaint to the individual personally;

3

>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Missouri imposes similar requirements on service of an individual:

> (b) How and on Whom Made.  Personal service within the state shall be made as follows:
>
>> (1) On Individual.  Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Mo. Sup. Ct. R. 54.13.

But Missouri differs in one significant respect from Rule 4:  Missouri law permits service upon an individual "by first class mail." Mo. Sup. Ct. R. 54.16, 54.13(c).  This type of service "may be made by mailing"—"to the person to be served" and "by first class mail, postage prepaid"—"a copy of the summons and petition," "two copies of a notice and acknowledgment conforming substantially to Civil Procedure Form 4B or Civil Procedure 4C[,] and a return envelope, postage prepaid addressed to the sender." Mo. Sup. Ct. R. 54.16.  If the person to be served does not complete and return to the sender an "acknowledgement of service under this Rule 54.16[,] . . . service of the summons and petition shall be made as otherwise provided by statute or rule." *Id.*  In other words, if the person to be served doesn't return a completed acknowledgement of service under Rule 54.16, then service must be completed in accordance with Missouri Rule 54.13(b) or another rule or statute.  *See id.*

4

Here, Gunther filed a proof-of-service form indicating that the "process server" sent, by "certified signed mail[,] . . . [a]ll legal papers" and that Kopp "[r]eceived [a]ll necessary forms." Doc. 39 at 1; *see also* doc. 42.  The proof-of-service form doesn't state that service was made by personal service upon Kopp, by leaving the summons at Kopp's residence or usual place of abode, or by service on Kopp's agent.  Doc. 39 at 1; *see also* doc. 42.  Thus, Gunther did not complete service in compliance with Rule 4(e)(2) or Missouri Rule 54.13(b), rendering service under Missouri Rule 54.16 Gunther's only potential means of proper service.

But, here too, the proof-of-service form provides no evidence that Gunther properly served Kopp under Missouri Rule 54.16.  *See* doc. 39 at 1; doc. 42.  Even assuming "certified signed mail," doc. 39 at 1, qualifies as "first class mail," Mo. Sup. Ct. R. 54.16, the form doesn't provide sufficient evidence to conclude that the process server mailed, to Kopp, the acknowledgement-of-service-under-Rule 54.16 forms or a return envelope with postage prepaid, *see id.*; doc. 39 at 1.  The proof-of-service form does state that the service process mailed "[a]ll necessary forms," but when read in context, "[a]ll necessary forms" appears to refer to the complaint and summons, not the acknowledgement forms or a return envelope.  *See* doc. 39 at 1.  Nor does the proof-of-service form provide sufficient evidence to conclude that Kopp returned a completed acknowledgement-of-service forms.  *See id.*  Because the record lacks sufficient evidence, the Court cannot conclude that Gunther completed service in accordance with Missouri Rule 54.16.  And accordingly, the Court cannot conclude that the Gunther complied with Rule 4(e)(1).

The Court therefore dismisses this case for insufficient service and for failure to comply with the Court's April 2025 order.  Doc. 29; *see* Fed. R. Civ. P. 4(m); *Hoffmann v. United States*, 21 F. App'x 528, 529 (8th Cir. 2001) (per curiam) (affirming the district court's sua sponte

5

dismissal for insufficient service); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders . . . ." (citations omitted)).

### III.    Conclusion

For these reasons, the Court dismisses, without prejudice, this case for insufficient service and failure to comply with the Court's April 2025 order. Doc. 29. A separate order of dismissal accompanies this order. The Court directs the Clerk of Court to mail this order and the order of dismissal to Gunther at his Southeast Missouri Mental Health Center address and to use a method of UPS delivery that requires a signature for delivery.

So ordered this 14th day of August 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE